366 F.2d 780
 ATLANTIC PIPE LINE COMPANY
v.
DREDGE PHILADELPHIA, Her Engines, Boilers, Tackle, Apparel, Etc., and American Dredging Company, Owner of the Dredge Philadelphia.
Atlantic Pipe Line Company, Appellant in No. 15729.
Dredge Philadelphia and American Dredging Company, Appellants in No. 15730.
The ATLANTIC REFINING COMPANY
v.
DREDGE PHILADELPHIA, Her Engines, Boilers, Tackle, Apparel, Etc., and American Dredging Company, Owner of the Dredge Philadelphia.
The Atlantic Refining Company, Appellant in No. 15731.
Dredge Philadelphia and American Dredging Company, Appellants in No. 15732.
UNITED STATES of America
v.
The ATLANTIC REFINING COMPANY, Atlantic Pipe Line Company, and DREDGE PHILADELPHIA and American Dredging Company.
The Atlantic Refining Company and Atlantic Pipe Line Company, Appellants in No. 15733.
Dredge Philadelphia and American Dredging Company, Appellants in No. 15734.
 Nos. 15729-15734.
 United States Court of Appeals Third Circuit.
 Argued October 17, 1966.
 Decided October 26, 1966.
 
 Appeal from the United States District Court for the Eastern District of Pennsylvania; William H. Kirkpatrick, Judge.
 Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa. (Paul D. Hardy, Philadelphia, Pa., on the brief), for Atlantic Pipe Line Co. and Atlantic Refining Co.
 Mark D. Alspach, Krusen, Evans & Byrne, Philadelphia, (Leslie C. Krusen, Philadelphia, Pa., on the brief), for Dredge Philadelphia and American Dredging Co.
 Florence Wayman Roisman, atty., Dept. of Justice, Civ. Div., Washington, D. C., (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., on the brief), for the Government.
 Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 These are six appeals from an interlocutory decree entered by the District Court for the Eastern District of Pennsylvania in three admiralty suits which had been consolidated in that court for trial. 247 F.Supp. 857. One suit was brought by Atlantic Pipe Line Company against the Dredge Philadelphia and her owner, American Dredging Company. Another was brought against the same defendants by The Atlantic Refining Company. In each of these two cases cross libels were filed by the defendants against the plaintiff. The third suit was filed by the United States of America against The Atlantic Refining Company, Atlantic Pipe Line Company, the Dredge Philadelphia and American Dredging Company. In this case cross libels were filed by the Dredge Philadelphia and American Dredging Company against Atlantic Pipe Line Company and The Atlantic Refining Company.
 
 
 2
 The claims in suit arose from an occurrence in January 1961 in which a section of a pipe line owned by the Pipe Line Company in the bed of the Schuylkill River in the vicinity of the Penrose Ferry Bridge was punctured, allegedly by a spud of the Dredge Philadelphia which was owned and being operated at that point in the river by the Dredging Company. The pipe line was used to transport crude oil from the Pipe Line Company's marine terminal at Fort Mifflin on the Delaware River to the Refining Company's tank farm on the eastern side of the Schuylkill River. On January 22, 1961 in the course of pumping crude oil through the pipe line approximately 28,000 barrels of oil escaped from the pipe line through the punctured holes into the Schuylkill River before the leak was discovered and pumping was stopped. A great deal of this oil was driven by the wind into the United States Naval Base near the mouth of the Schuylkill River where it fouled a number of the naval vessels anchored there and caused other damage as well as creating a dangerous situation, which compelled the expenditure of a large sum of money by the Government.
 
 
 3
 The district court, after a lengthy trial, found the Refining Company, the Pipe Line Company and the Dredging Company all at fault with respect to the loss suffered by the United States and accordingly concluded that each of them should pay one-third thereof. The court found both the Pipe Line Company and the Dredging Company at fault with respect to the damage to the pipe line and accordingly concluded that the Dredging Company should pay Pipe Line Company one-half thereof. Lastly, the court found that the Refining Company, the Pipe Line Company and the Dredging Company were all at fault with respect to the Refining Company's claim for loss of oil and accordingly concluded that Refining Company should recover one-half of its damages from the Dredging Company and that the Dredging Company, under its cross libel, should recover from the Pipe Line Company one-half the sum it is thus required to pay the Refining Company. From the interlocutory decree which the court entered the Pipe Line Company, the Refining Company, the Dredging Company and the Dredge took the appeals now before us.
 
 
 4
 We have carefully considered the issues of fact and law which the appellants raise. These are all ably and comprehensively discussed in the opinion filed by Judge Kirkpatrick in the district court, 247 F.Supp. 857, which incorporates his findings and conclusions. We cannot say that any of his findings of fact are clearly erroneous. And we find ourselves completely in accord with his legal conclusions for the reasons adequately stated in his opinion, to which we need add nothing.
 
 
 5
 The decree of the district court will be affirmed.